**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **STEVE DINWIDDIE,**<br><br>**Petitioner,**<br><br>**vs.**<br><br>**GREGORY S. LAMBERT and THE ATTORNEY GENERAL OF THE STATE OF ILLINOIS,**<br><br>**Respondents.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CIVIL NO. 05-886-GPM** |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Petitioner, an inmate in the Big Muddy River Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. He also seeks leave to proceed *in forma pauperis*, and the Court finds that he is, in fact, indigent. Accordingly, the motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.

In his petition, Petitioner states that in April 1997 he was found by an Illinois state court to be a sexually dangerous person and was civilly committed. The determination and commitment was affirmed in Illinois appellate court on July 8, 1999. *See People v. Dinwiddie*, 715 N.E.2d 647 (Ill. App. Ct. 1999). Petitioner's application for leave to appeal to the Illinois Supreme Court was denied on October 6, 1999. *See People v. Dinwiddie*, 720 N.E.2d 1098 (Ill. 1999).

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The Illinois state court's review process ended when Petitioner was denied leave to appeal the commitment to the Illinois Supreme Court, on October 6, 1999. He was required to file his habeas corpus petition on or before October 6, 2000. Petitioner did not file this action until December 19, 2005, over five years after the end of the one-year limitation period. Thus, this action is time-barred.

However, it appears from the *pro se* petition that Dinwiddie may be attempting to challenge his continued civil commitment, not merely the proceedings that led thereto. The Court is unable to determine whether such a challenge is barred by either the one-year period of limitation or by any other limitation to relief pursuant to 28 U.S.C. § 2254. Accordingly, to the extent Petitioner is challenging his continued civil confinement, this action cannot be dismissed at this point in the litigation.

Before further proceedings are ordered, a few words about the named respondents are necessary. Petitioner names as a respondent not only the warden of his prison but also the Attorney General of Illinois. This practice is quite common among *pro se* litigants in this District, but the only proper respondent in a collateral attack is Petitioner's custodian. As stated clearly by the

Seventh Circuit Court of Appeals,

> The Attorney General of [Illinois] is the state's lawyer, not the prisoner's custodian. If the petitioner is in prison, the warden is the right respondent. If the petitioner is on parole, the parole board or equivalent should be named. *A state's attorney general is a proper party only if the petitioner is not then confined, but expects to be taken into custody*.

*Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996) (emphasis added); *see also Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 665 n.1 (7th Cir. 1990); Rules 2(a) and (b) of the Rules Governing Section 2254 Cases in the United States District Courts. Because Petitioner is incarcerated, the only proper respondent is Warden Lambert. The Attorney General is **DISMISSED** as a party and should not appear as a litigant in any future § 2254 case except under the conditions specified in Rule 2(b).

**IT IS HEREBY ORDERED** that Respondent shall, within twenty-three (23) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue. Respondent shall specifically address Petitioner's continued civil confinement.

Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule of the United States District Court for the Southern District of Illinois 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pretrial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c),

*should all the parties consent to such a referral*.

**IT IS SO ORDERED.**

DATED: 01/31/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge