IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| STEVE DINWIDDIE, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 3:05-cv-886-GPM |
| | ) | |
| ROY BRADFORD, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge G. Patrick Murphy pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a report and recommendation on the Writ of Habeas Corpus (Doc. 1), filed by Petitioner Steve Dinwiddie, and the Answer (Doc. 15), filed by Respondent Roy Bradford[1] on March 28, 2006. For the reasons set forth below, it is **RECOMMENDED** that the Petition for a Writ of Habeas Corpus be **DENIED**, and that the Court adopt the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

Petitioner Steve Dinwiddie was civilly committed to the guardianship of the Director of Corrections as a sexually dangerous person on April 29, 1998, following a jury trial (Doc. 15-2). Petitioner appealed to the Illinois Appellate Court, Fifth District, which affirmed his commitment on July 8, 1999 (Doc. 15-4). Petitioner filed a petition for leave to appeal to the Illinois Supreme Court, which subsequently denied the petition on October 6, 1999 (Doc.15-11).

---

[1]On July 7, 2007, Roy Bradford was substituted for Gregory S. Lambert as the proper party respondent in this action (Doc. 24).

Petitioner filed an "Application for Recovery" requesting that he be released on September 29, 2000 (Doc. 15-2). Petitioner withdrew this application on June 19, 2001, and filed a second application for recovery on July 16, 2002 (Doc 15-2). Following a jury trial on the second application for recovery, the court entered judgment on a jury verdict that Petitioner was still a sexually dangerous person on July 24, 2002 (Doc. 15-3 at 5). Petitioner appealed this judgment to the Illinois Appellate Court, Fifth District, which affirmed on June 18, 2003 (Doc. 15-17). Petitioner filed for a petition for leave to appeal, but the Supreme Court of Illinois denied it on December 2, 2003 (Doc. 15-19).

While Petitioner was appealing the July 24, 2002 judgment, Petitioner filed two *pro se* applications for release with the Jefferson County Circuit Court. The first application was dismissed on August 2, 2002, and Petitioner did not appeal that dismissal (Doc. 15-3 at 3-4).

The second application resulted in a bench trial, and the court entered judgment on May 6, 2004, finding that Petitioner remained a sexually dangerous person (Doc. 15-3 at 12). Petitioner appealed this judgment to the Illinois Appellate Court, Fifth District, which dismissed the appeal on the grounds of statutory waiver on June 27, 2005 (Doc. 15-24). Respondent alleges that Petitioner did not file leave to appeal this decision with the Illinois Supreme Court (Doc. 15 at 5).

On December 19, 2005, Petitioner filed the instant Petition for a Writ of Habeas Corpus, challenging his confinement in the Big Muddy River Correctional Center and his classification as a sexually dangerous person pursuant to 725 ILCS 205/0.01. *et seq*. (Doc. 1). On February 1, 2006, United States District Judge G. Patrick Murphy entered a memorandum and order dismissing all counts of the petition which purported to challenge the original judgment finding Petitioner to be a sexually dangerous person, because those claims were barred by 28 U.S.C. §

2244(d)(1) (Doc. 5 at 2). However, the Court at that time did not determine whether Petitioner was attempting to challenge his continued civil confinement or whether such a challenge to his continued confinement was barred by any limitation to relief under 28 U.S.C. § 2244.

On March 28, 2006, Respondent Roy Bradford filed the instant Answer, requesting that the petition be denied (Doc. 15). Respondent alleges that dismissal is appropriate because the instant petition only challenges the 1998 trial (Doc. 15 at 8-9). In the alternative, Respondent argues that to the extent Petitioner is challenging the subsequent applications for release, those claims are either filed beyond the one year statute of limitations or procedurally defaulted. Petitioner has not filed a reply brief.

### CONCLUSIONS OF LAW

**Petitioner's Challenge to Continued Confinement**

Respondent alleges that the Petition should be dismissed because it only challenges Petitioner's initial state court trial and not his subsequent state court challenges to continued confinement. The request for relief states the following: "Petitioner Request (sic) Court to investigate All Records, Reports, Transcripts, ETC, as to Legality of his Commitment." (Doc. 1 at 12). Construing Petitioner's *pro se* petition broadly, the Court finds that Petitioner is seeking to challenge not just the original judgment against him, but all subsequent hearings in which his continuing confinement was upheld.

**28 U.S.C. § 2244(d)(1) Statute of Limitations**

Petitioner filed his Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, which governs petitions for a writ of habeas corpus for all petitioners in state custody. All applications for a writ of habeas corpus filed under § 2254 must comply with the relevant statute

3

of limitations located at 28 U.S.C. § 2244. Section 2244 contains a one year statute of limitations, which runs from the latest of the following:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Absent any exceptional circumstances as embodied in subsections (B), (C), and (D), the application must be filed within one year of either the day in which an application of certiorari is denied by the Supreme Court, or the day in which petitioner's time to apply for certiorari expires. Petitioner has not alleged that any of the exceptions enumerated in subsections (B), (C), or (D) apply in this case.

At issue in this case are Petitioner's initial civil commitment and three subsequent applications for recovery. As already determined by the district court, Petitioner's challenge to his initial civil commitment is time barred and was dismissed (Doc 5 at 2). The first two of Petitioner's subsequent applications for recovery are also beyond the one year statute of limitations.

Petitioner's first application for recovery may not be challenged in his Habeas Petition because it falls outside the one-year statute of limitation. This first application for recovery became final on March 2, 2004, ninety days after the Supreme Court of Illinois denied leave to

appeal (Doc. 15-19). Petitioner's challenge to this action thus became time barred on March 2, 2005, one year after his judgment became final. Because this Habeas Petition was not filed until December 19, 2005, it is outside the statute of limitations.

Likewise, Petitioner's second application for recovery is time barred. That application was dismissed by the Jefferson County Circuit Court on August 2, 2002 (Doc. 15-3 at 3-4). Petitioner did not appeal that dismissal, so at the latest, this judgment became final on October 31, 2002. A habeas challenge to this judgment had to be filed within one year, or October 31, 2003, in order to satisfy the statute of limitations. Plaintiff's Habeas Petition was, therefore, more than two years late and is barred by the statute of limitations.

Petitioner does not allege any events that would toll the one year statute of limitations pursuant to § 2244(d)(1), subsections B, C, or D for either the first or second application for recovery. Accordingly, to the extent Petitioner is attempting to challenge these proceedings, it is **RECOMMENDED** that the Petition for a Writ of Habeas Corpus be **DENIED.**. The third and final application for recover would not be time barred by the statute of limitations, but Respondents assert that Petitioner procedurally defaulted by failing to exhaust his administrative remedies before filing the instant Habeas Petition.

**Failure to Exhaust**

Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus is the duty to fairly present his federal claims to the state courts. Baldwin v. Reese, 541 U.S. 27, 29 (2004); Lewis v. Sternes, 390 F.3d 1019, 1025 (7th Cir. 2004). "Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in

the federal habeas proceeding does it make sense to speak of the exhaustion of state remedies." Picard v. Connor, 202 U.S. 270, 276 (1971).

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Baldwin, 541 U.S. at 28-29 (internal cites and quotes omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Id. Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Petitioner may not directly challenge his civil commitment as a sexually dangerous person in a petition for habeas corpus without first exhausting his state remedies. Baldwin, 541 U.S. at 28-29. In the state of Illinois, these remedies exist as an "Action for Recovery" in the state court system. Only after Petitioner's action for recovery has been denied all the way through the Illinois court system may he challenge his detention in federal court. Lewis, 390 F.3d at 1025-26.

Petitioner's third and final application for recovery resulted in a bench trial, and the state court entered a judgment finding that Petitioner remained a sexually dangerous person (Doc. 15-3 at 12). Petitioner appealed this judgment to the Illinois Appellate Court, Fifth District, which dismissed the appeal on the grounds of statutory waiver on June 27, 2005 (Doc. 15-24). Respondent alleges that Petitioner did not file leave to appeal this decision with the Illinois Supreme Court (Doc. 15 at 5). Since Petitioner has not filed any response to dispute this

allegation, the Court will accept as true the Respondent's allegation that Petitioner did not file for leave to appeal to the Illinois Supreme Court.

While Petitioner's challenge to his third and final adjudication is not time barred under § 2244(d)(1), this Court finds that it should be dismissed for failure to exhaust state court remedies. Since Petitioner failed to petition for leave to appeal to the Supreme Court of Illinois, Petitioner did not fairly present his claims to one complete round of state court review. O'Sullivan,, 526 U.S. at 845. Petitioner has, therefore, failed to completely exhaust his state court remedies. To the extent that Petitioner is challenging his third application from recover, it is **RECOMMENDED** that the Petition for a Writ of Habeas Corpus be **DENIED.**

## CONCLUSION

Therefore, for the reasons set forth above, it is **RECOMMENDED** that the Petition for a Writ of Habeas Corpus be **DENIED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: January 3, 2008**

                                               s/ *Donald G. Wilkerson*
                                               **DONALD G. WILKERSON**
                                               **United States Magistrate Judge**